IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| DEXTER TAYLOR,<br>　　Petitioner | §<br>§<br>§ | |
| VS. | § | C.A. NO. C-05-277 |
| | § | |
| JOE D. DRIVER, WARDEN,<br>　　Respondent | §<br>§<br>§ | |

## MEMORANDUM AND RECOMMENDATION

Petitioner is in the custody of the federal Bureau of Prisons ("BOP") and currently is incarcerated at the Federal Corrections Institution in Three Rivers, Texas ("FCI-Three Rivers"). Proceeding *pro se*, petitioner filed this habeas corpus petition pursuant to 28 U.S.C. § 2241 on May 31, 2005, arguing that the respondent is not properly calculating the good conduct time he is due. Respondent filed a motion to dismiss on November 30, 2005 (D.E. 13). Petitioner failed to file a response.

## BACKGROUND

Following a guilty plea to the offense of possession with intent to distribute cocaine, petitioner was sentenced in the United States District Court for the Western District of Texas on January 17, 2003, to serve ninety-seven (97) months in the custody of the BOP to be followed by a five-year term of supervised release (D.E. 13, Exh. A).

According to petitioner, BOP has calculated his projected release date to be January 23, 2010 (D.E. 1 @ p. 3). This projected release date includes a potential award of 376 days of good conduct credit (*Id.*). Petitioner argues that the BOP is miscalculating his good conduct credits and that he actually is eligible to earn 432 days of good conduct credits (*Id.*). Respondent concedes that petitioner exhausted his administrative remedies.

## APPLICABLE LAW

### A. Standard of Review

Respondent moves to dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Both petitioner and respondent rely upon matters outside the pleadings. All parties have been given an opportunity to present material pertinent to petitioner's claim, and the essential facts are not in dispute. Accordingly, respondent's motion will be treated as a motion for summary judgment. Fed. R. Civ. P. 12; 56. This treatment is in accord with 28 U.S.C. § 2243, which dispenses of the need for a hearing if the "application for the writ and the return present only issues of law". Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is not genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

### B. Computation of Good Time Credit

The statute at issue, 18 U.S.C. § 3624(b), states the following:

> (1) Subject to paragraph (2), a prisoner who is serving a term of imprisonment of more than 1 year other than a term of imprisonment for the duration of the prisoner's life, may receive credit toward the service of the prisoner's sentence, beyond the time served, of up to 54 days at the end of each year of the prisoner's term of imprisonment, beginning at the end of the first year of the term, subject to determination by the Bureau of Prisons that, during that year, the prisoner has displayed exemplary compliance with institutional disciplinary regulations. Subject to paragraph (2), if the Bureau determines that, during that year, the prisoner has not satisfactorily complied with such institutional regulations, the prisoner shall receive no such credit toward service of the prisoner's sentence or shall receive such lesser credit as the Bureau determines to be appropriate. In awarding credit under this section, the Bureau shall consider whether the prisoner, during the relevant period, has earned, or is making satisfactory progress toward earning, a high school diploma or equivalent degree. Credit that has not been earned may not later be granted. Subject to paragraph (2), credit for the last year or portion of a year of the term of imprisonment shall be prorated and credited within the last six weeks of the sentence.

>    (2) Notwithstanding any other law, credit awarded under this subsection after the date of enactment of the Prison Litigation Reform Act shall vest on the date the prisoner is released from custody.

Petitioner argues that he is entitled to 54 days of good conduct credits for each year of his sentence, rather than for each year that he has actually served. But petitioner's argument is not ripe for review. In Sample v. Morrison, 406 F.3d 310 (5th Cir. 2005), the Fifth Circuit noted that regardless of the interpretation of the statute, the earliest Sample would be eligible for release would be 2012 and that good time credit is earned on an annual basis, rather than in advance. Sample, 406 F.3d at 312. Because any harm Sample might suffer because of the BOP's interpretation of the statute was temporally distant and of a speculative nature, the court held that his allegations did not establish that he would sustain immediate injury or that such injury would be redressed by the relief he requested. Therefore, the court found that the inmate's petition was not ripe for review and it was dismissed for lack of subject matter jurisdiction. Id. (citing United Transp. Union v. Foster, 205 F.3d 851, 857 (5th Cir. 2000); Lujan v. Defenders of Wildlife, 504 U.S. 555, 560, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992); Sommers Drug Stores Co. Emp. Profit Sharing Trust v. Corrigan, 883 F.2d 345, 348 (5th Cir. 1989) and National Park Hospitality Ass'n v. Department of Interior, 538 U.S. 803, 807-08, 123 S.Ct. 2026, 155 L.Ed.2d 1017 (2003)).

Similarly, petitioner's claim is not ripe for review because under the BOP's interpretation of the statute petitioner is entitled to release from prison on January 23, 2010 while under the petitioner's interpretation of the statute he would be entitled to release 56 days earlier, in November of 2009. Petitioner's claims are not yet justiciable.

Even if ripe for review, the relief petitioner requests is foreclosed by recent Fifth Circuit law. In Moreland v. Federal Bureau of Prisons, No. 05-20347, ___ F.3d ___, 2005 WL 3030414 (November 10, 2005) (slip op.), and Sample v. Morrison, 406 F.3d 310 (5th Cir. 2005), the Fifth

Circuit held that § 3624(b) was unambiguous, and that the Bureau of Prisons properly awarded credit only for each year actually served. Moreover, no circuit court has found in petitioner's favor on this issue. See Perez-Olivo v. Chavez, 394 F.3d 45 (1st Cir. 2005); Sash v. Zenk, 428 F.3d 132 (2nd Cir. 2005); O'Donald v. Johns, 402 F.3d 172, 174 (3rd Cir. 2005); Yi v. Federal Bureau of Prisons, 412 F.3d 526 (4th Cir. 2005); Petty v. Stine, 424 F.3d 509 (6th Cir. 2005); White v. Scibana, 390 F.3d 997 (7th Cir. 2004), cert. denied, ___ U.S. ___, 125 S.Ct. 2921 (2005); James v. Outlaw, 126 Fed.Appx. 758 (8th Cir. 2005)(unpublished); Pacheco-Camacho v. Hood, 272 F.3d 1266, 1268 (9th Cir. 2001); Brown v. McFadden, 416 F.3d 1271 (11th Cir. 2005). The petitioner is not entitled to any relief.

## RECOMMENDATION

Based on the foregoing, it is respectfully recommended that respondent's motion to dismiss, treated as a motion for summary judgment (D.E. 13) be granted and petitioner's request for habeas corpus relief be dismissed because it is not ripe for review. Alternatively, petitioner's request for habeas corpus relief should be denied on the merits.

Respectfully submitted this 3rd day of January, 2006.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1)(C) and Article IV, General Order No. 80-5, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. Douglass v. United Services Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).